# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:15-CR-032-LRS |
| Plaintiff, | |
| v. | **ORDER GRANTING** <br> **28 U.S.C. §2255 MOTION** |
| SAMUEL GORDON LAVERDURE, | |
| Defendant. | |

**BEFORE THE COURT** is the Defendant's 28 U.S.C. §2255 Motion (ECF No. 52). The Government has filed a response. (ECF No. 57). The motion is heard without oral argument.

### A. TERM OF SUPERVISED RELEASE

In the binding Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement (ECF No. 32), the Government and Defendant agreed to recommend Defendant serve a 14 months term of imprisonment and a two (2) year term of supervised release. Although the court imposed a14 months term of imprisonment, it imposed a three (3) year term of supervised release. (ECF No. 43). Defendant's counsel did not object to the term of supervised release. Despite otherwise diligent representation of the defendant by counsel for the defense, this unfortunately constitutes ineffective assistance of counsel and is therefore, not subject to the

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-    1**

waiver of collateral attack rights set forth in Paragraph 17 of the Plea Agreement.

When a defendant and the government enter into a Rule 11(c)(1)(C) plea agreement setting forth a specific sentence, the district court may accept the agreement or reject it, but "may not do so on a piecemeal basis." *U.S. v. Randock*, 330 Fed. Appx. 628 (2009), quoting *In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007). If the court accepts the agreement, it is bound by the agreed upon recommendations. *Id*., citing *United States v. Cervantes-Valencia*, 322 F.3d 1060, 1062 (9th Cir. 2003)(per curiam).

This court accepted the plea agreement. (ECF No. 47 at p. 10). As such, it was bound to follow the recommendation of two (2) years supervised release. Had the court rejected the plea agreement, it would have been obligated to give Defendant an opportunity to withdraw his plea as specified in the Plea Agreement ("Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon," ECF No. 32 at Paragraph 2).

The portion of Defendant's sentence related to his supervised release term is **VACATED** and the court will direct entry of an Amended Judgment reflecting Defendant's supervised release term as two (2) years, not three (3) years.

### B. FEDERAL SENTENCE TO RUN CONCURRENTLY OR CONSECUTIVELY TO STATE COURT SENTENCE

At the September 22, 2015 sentencing hearing, defense counsel informed this court that her understanding was the State did not intend to proceed with charges which had been filed in state court. (ECF No. 47 at p. 3). The information received by defense counsel, however, turned out to not be

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-        2**

accurate.  Accordingly, when this court sentenced Defendant for Escape From Federal Custody, 18 U.S.C. §751(a), it did not consider whether it should make his 14 months term of imprisonment concurrent or consecutive to the three (3) months of imprisonment Defendant would eventually be sentenced to on the state charge (money laundering) in Spokane County Superior Court Cause No. 15-1-01025-6.[1]  The U.S. Supreme Court has held that federal district courts have discretion to order that a federal sentence run consecutively to an anticipated, but not-yet-imposed state sentence.  *Setser v. United States*, ___ U.S. ___, 132 S.Ct. 1463, 1473 (2012).  That means Defendant's federal sentence could also have been made to run concurrently with the not-yet-imposed state sentence, had this court known a state sentence would be imposed.

Currently, Defendant's federal sentence is running consecutively to the Spokane County Court sentence imposed on November 13, 2015.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.  18 U.S.C. §3584(a).  Therefore, Defendant is not serving any of his state imposed time until the conclusion of his federal sentence, currently projected to be June 15, 2016.  If this court had specified that his federal sentence was to run concurrently to his anticipated, but not-yet-imposed Spokane County Superior Court sentence, then

---

[1] An Information was filed on July 29, 2015 in Spokane County Superior Court charging the Defendant with one count of Possession of a Controlled Substance and one count of Identity Theft in the Second Degree.  (ECF No. 52 at p. 10).  An Amended Information was filed on November 13, 2015, charging the Defendant with one count of money laundering.  (ECF No. 52 at p. 12). Defendant pled guilty to this Amended Information.

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-        3**

Defendant's state imposed time would have started running immediately on November 13, 2015.

The state court money laundering charge for which Defendant was convicted pertains to conduct which occurred on March 13, 2015, subsequent to his escape from federal custody on January 23, 2015. (ECF No. 52 at p. 12). It is distinct criminal conduct which occurred because Defendant escaped from federal custody. As such, it should be punished separately. Accordingly, pursuant to 18 U.S.C. §3584(b), and considering the factors set forth in 18 U.S.C. §3553(a), the court exercises its discretion to run Defendant's federal sentence consecutively to his state court sentence.

### C. CREDIT FOR TIME SERVED IN FEDERAL CUSTODY

Defendant has not received credit for time served in federal custody from March 14, 2015 to June 10, 2015 (88 days). Counsel says she has confirmed with the U.S. Marshal Service that Defendant was arrested on March 14, 2015 and transferred to state custody on September 23, 2015 (following his sentencing in federal court). U.S. Bureau of Prisons (BOP) records appear to show Defendant receiving credit for time served in federal custody for the period from June 10, 2015 through September 21, 2015. (ECF No. 52 at p. 26).

This court's record reflects that Magistrate Judge Rodgers issued an arrest warrant for Defendant on March 19, 2015, which was executed on the same day. (ECF Nos. 3 and 4). Defendant had an initial appearance on March 20, 2015, at which the Defendant was ordered detained pursuant to motion filed by the Government. (ECF No. 9). It appears Defendant was arrested on March 14 and initially taken into state custody. The Spokane County Superior Court docket for Cause No. 15-1-01025-6 shows that a "Notice of Arrest" was filed on March

///

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-        4**

16 and Defendant made a preliminary appearance in that court on March 17. See http://www.dw.courts.wa.gov.

At this juncture, the court has no firm basis to take issue with BOP's calculation of credit for time served in federal custody prior to imposition of sentence by this court on September 22, 2015. In the absence of compelling information to the contrary, this court must give the benefit of the doubt to BOP which is entrusted with calculating credit for time served in federal custody. The Amended Judgment will reflect that Defendant should receive credit for time served which may prompt BOP to re-examine what that credit should be.[2]

### D. CONCLUSION

Defendant's 28 U.S.C. §2255 Motion (ECF No. 52) is **GRANTED** and the District Executive is directed to enter an Amended Judgment in accordance with this order.

///
///

---

[2] The Judgment entered by the Spokane County Superior Court indicates Defendant received credit for 91 days served in state custody prior to imposition of sentence on November 13, 2015. (ECF No. 52 at p. 18). This presumably includes the 41 days Defendant spent in state custody between September 23, 2015 and November 13, 2015, following his September 22, 2015 sentencing in federal court. That leaves 50 days credit which is presumably for time spent in state custody between March 14, 2015 and June 10, 2015. That, however, does not account for the entire 88 days encompassed by those two dates. While there may be a rational explanation, this court seemingly cannot account for 38 days between March 14, 2015 and November 13, 2015.

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-      5**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies to Defendant, the Federal Defenders' Office (Amy Rubin, Esq.), and the U.S. Attorney's Office (Matthew F. Duggan, Esq.).

**DATED** this __17th__ day of May, 2016.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-          6**